

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 13  A 10: 15

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RASHAN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 99-1557** |
| **JUDGE ELAINE GUILLOT ET AL.** | **SECTION "T" (5)** |

### REPORT AND RECOMMENDATION

The plaintiff Rashan Williams, a prisoner at the Washington Parish Jail, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Judge Elaine Guillot, Assistant District Attorney Lewis Murray, the Bogalusa Police Department, Sheriff Duane Blair, and Warden Royce McGhee.  The plaintiff alleges that he was arrested without probable cause, that the sheriff's office conducted a faulty investigation, the prosecutor knows he is not guilty, and the trial judge has exhibited bias against him by setting a high bond.  The plaintiff further claims that he was denied exercise and religious privileges from December 1998 to March 1999.  The plaintiff seeks injunctive relief.

### I.    Civil rights claims.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen all prisoner complaints against governmental entities, officers and employees, and dismiss those which are frivolous, malicious, fail to state a claim for which relief may be granted, or seek monetary relief from a defendant who is

DATE OF MAILING _____

JAN 1 3 2000    DATE OF ENTRY _____    JAN 1 3 2000

Fee_____
Process___
X  Dktd ___
CtRmDep__
Doc.No.____

immune from such relief. In addition, an *in forma pauperis* complaint must be dismissed on the same grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii) (1998); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d)).[1] In the present case, the plaintiff's civil rights claim, under the broadest reading, should be dismissed for failure to state a claim for which relief may be granted.

The plaintiff claims that Judge Elaine Guillot has exhibited bias against him by setting an unreasonably high bond. However, it is well-settled that a judge is absolutely immune from suit for actions taken within her judicial capacity, even if she is accused of acting maliciously or corruptly. *See Pierson v. Ray*, 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1871); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Freeze v. Griffith*, 849 F.2d 172 (5th Cir. 1988). In the present case, the plaintiff's claims arise out of Judge Guillot's actions during the plaintiff's criminal proceedings. The setting of bond is clearly a judicial act. Accordingly, the plaintiff's claims against this defendant must be dismissed as frivolous.

The plaintiff also claims that the police, sheriff's office and district attorney have engaged in misconduct. He claims that the prosecutor knows that he is innocent, but refuses to drop the charges. He further claims that the sheriff's office has conducted a faulty investigation, and that the police department arrested him without probable cause. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. Before a

---

[1]      28 U.S.C. § 1915(d) was amended in 1996 by Pub. L. No. 104-134, 110 Stat. 1321. The former section now appears at 28 U.S.C. § 1915(e). The amendment did not change the standard permitting dismissal of frivolous *in forma pauperis* complaints.

plaintiff may proceed under § 1983, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). If the plaintiff were successful in the present case, such a ruling would directly affect the validity of his confinement and his ongoing criminal proceedings. Therefore, the plaintiff's civil rights claims are not cognizable at this time. Accordingly, these claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996).

Finally, the plaintiff claims that from December 1998 to March 1999, he was denied the privilege of attending religious services and going to the yard for recreation and exercise. At the preliminary conference conducted on September 13, 1999 (R. Doc. 6), the plaintiff stated that other persons involved in the criminal proceedings against him were housed at the Washington Parish Jail, but they were separated from one another for security reasons. Because all prisoners were permitted to exercise in the yard at the same time, the plaintiff was unable to use the yard for recreation and exercise. The plaintiff also stated that in March 1999, the prison guards arranged that the prisoners would be taken to the yard in shifts, and his problem abated. The plaintiff also stated that, in order to segregate him from other prisoners involved in his criminal case, he was unable to attend the religious services that were routinely held on Fridays when a minister came to the jail. The plaintiff stated that because the jail was so small, the need to segregate him from the other prisoners caused his problems with the recreation and the religious services.

To succeed on a claim under § 1983 for lack of exercise provisions, a prisoner must set forth

3

facts sufficient to "support the existence of any health hazard under the specific circumstances involved." *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *amended in part, vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982); *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986).  The Eighth Amendment "may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).  However, the plaintiff stated that his health was not impaired because he was denied recreational privileges from December 1998 to March 1999.  In the absence of a particular health threat, the plaintiff has failed to state a claim for which relief may be granted.

The plaintiff's claim that he was denied the opportunity to attend religious services because he was segregated from other inmates must also be dismissed.  "The Constitution requires that 'reasonable opportunities must be afforded to all prisoners to exercise . . . religious freedom.'" *Green v. McKaskle*, 788 F. 2d 1116 (5th Cir. 1986) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 n.2, 92 S. Ct. 1079, 1081 n.2 (1972)).  However, this right is not  absolute.  "In fact, even outside of the prison gates, religious liberty may be limited if overridden by a valid governmental interest, although more restrictive measures on religious practice may be imposed in the prison than in the non-prison setting and withstand constitutional muster." *Udey v. Kastner*, 644 F. Supp. 1441, 1442-43 (E.D. Tex. 1986), *aff'd*, 805 F. 2d 1218 (5th Cir. 1986).

In reconciling the prisoner's right to exercise religious freedom with a prison's administrative and security needs, the United States Fifth Circuit Court of Appeals has explained as follows:

> [C]onflicts have arisen between prisoners' exercise of this right and genuine concerns of day-to-day prison administration.  Two recent Supreme Court cases have addressed this issue.  In *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d

64 (1987), the Court declared: "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 107 S. Ct. at 2261. The Court then set forth several factors for determining the reasonableness of prison regulations challenged in this respect. First, there must be a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." *Turner*, 107 S. Ct. at 2262. Second, the governmental objective must be a "legitimate and neutral one." *Id.* Third, courts must consider the impact on guards, other inmates, and the allocation of prison resources that would result from accommodating the asserted right. Finally, courts must examine the available alternatives. *Id.*

*Mumin v. Phelps*, 857 F.2d 1055, 1056 (5th Cir. 1988) (footnote omitted); *see also Udey*, 644 F. Supp. at 1442-43. In the present case, the plaintiff stated that the reason he was temporarily denied the opportunity to attend religious services was that he was being segregated from other inmates as a security precaution. Because the plaintiff plainly acknowledges that there was a legitimate penological reason for limiting his religious privileges, the plaintiff fails to allege a constitutional violation.

## II.    *Habeas corpus* claims.

Although the plaintiff filed his complaint on a form reserved for § 1983 civil rights claims, the plaintiff's claim that he is being wrongfully incarcerated must be construed in part as a petition for a writ of *habeas corpus*.[2] A state prisoner who challenges "the very fact or duration of his physical imprisonment" and who seeks judgment which would entitle him to release must pursue *habeas corpus* relief rather than § 1983 civil rights relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976). The plaintiff's complaint will therefore be construed in part as a petition for *habeas corpus* relief, as well as a civil rights action.

---

[2]    The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

*See Hernandez v. Spencer*, 780 F.2d 504 (5th Cir. 1986); *Jackson v. Torres*, 720 F.2d 877 (5th Cir. 1983).

However, a state prisoner who seeks relief through a petition for a writ of *habeas corpus* must first exhaust his available state court remedies before seeking relief in the federal courts. *See* 28 U.S.C. § 2254(b)(1); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997) *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). In order to exhaust state court remedies, a petitioner must present his claims to the state's highest court. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A court may notice the lack of exhaustion *sua sponte*. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (*en banc*).

In the present case, the plaintiff does not allege that he has exhausted his state court remedies. On the contrary, on the cover page to his complaint, the plaintiff indicates that he has not begun any other lawsuits in state or federal court dealing with the facts of this case. Furthermore, the independent research of the staff of the undersigned has confirmed that the plaintiff has not presented these claims to the Louisiana Supreme Court. The *habeas corpus* claims raised herein are therefore not exhausted and should be dismissed without prejudice to allow the plaintiff the opportunity to pursue his available remedies in the state courts.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the plaintiff's claims against Judge Elaine Guillot be **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER RECOMMENDED** that the remainder of the plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions

are met.

**IT IS FURTHER RECOMMENDED** that, to the extent the complaint may be construed as a petition for a writ of *habeas corpus*, the petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___12___ day of ___January___, 2000.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE